

**ORDERED in the Southern District of Florida on April 10, 2017.**

Paul G. Hyman, Jr., Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:

**DAVID ANTHONY ABDO AND
& CARMEN SILVIA MORALES-ABDO**,

Debtors.
_____/

Case No.:         16-11953-PGH

In proceedings under **CHAPTER 11**

### AGREED ORDER GRANTING IN PART, AND DENYING IN PART DEBTOR'S MOTION TO DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., GREENPOINT MORTGAGE FUNDING TRUST 2005-AR4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR4 (DE 107)
### [RE: 791 HAVERHILL ROAD N., WEST PALM BEACH, FL 33415]

THIS CAUSE having come before this Honorable Court, upon the agreement of the Debtors in Possession, **DAVID ANTHONY ABDO AND CARMEN SILVIA MORALES-ABDO,** ("**Debtors**"), and **WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., GREENPOINT MORTGAGE FUNDING TRUST 2005-AR4, MORTGAGE PASS-**

**THROUGH CERTIFICATES, SERIES 2005-AR4**, now being serviced by JPMorgan Chase Bank, N.A. **("Creditor") (**Debtors and Creditor jointly and collectively the **"Parties"),** on the Debtors' *Motion to Determine Secured Status of Lien on Real Property Held by Wells Fargo Bank, National Association as Trustee for Structured Asset Mortgage Investments II Inc., Greenpoint Mortgage Funding Trust 2005-AR4, Mortgage Pass-Through Certificates, Series 2005-AR4 [Re: 791 Haverhill Road N., West Palm Beach, FL 33415]* [DE 107] (the "Motion"). This matter is scheduled for a hearing on February 28, 2017 at 9:30am.  The parties having reached an agreement as to the Motion and the value of the Real Property, the amount of the claim (POC 12-1), it is hereby found as follows:

    A.    The Debtors' real property, that is the subject of this Motion, is located at *791 Haverhill Road N., West Palm Beach, FL 33415* **("Real Property")**, and more particularly described as follows:

> **Tract 35, Haverhill Riding Estates, according to the Plat thereof recorded in Plat Book 20, Page 95, of the Public Records of Palm Beach County, Florida.**

    B.    The Debtors filed the instant matter on February 11, 2016 and valued the property at $**218,000.00**.

    C.    The Creditor filed a Proof of Claim (POC 12-1) which alleges a secured claim of $**477,763.09**, and attached an appraisal indicating a value of $**248,000.00.**

    D.    The Parties agree that the value of the Real Property shall be **$248,000.00.**

The Court having reviewed the Motion, the file, and having reviewed the record, finds that good cause exists to grant the Motion.  It is therefore **ORDERED** as follows**:**

    1.    The Motion is **GRANTED**.

2. For the purposes of Section 506 of the United States Bankruptcy Code, the Real Property is located at 791 Haverhill Road N., West Palm Beach, Florida 33415 and shall be valued at **$248,000.00.**

3. The Creditor shall have a secured claim in the amount of **$248,000.00** (the "Secured Claim") amortized over thirty (30) years at 4.500% interest per annum in the Debtor's Chapter 11 Plan.

4. The Creditor shall have an allowed unsecured claim in the amount of **$229,763.09** (the "Unsecured Claim") in the Debtor's Chapter 11 Plan.

5. Debtor shall tender monthly principal and interest payments ("Principal and Interest Payments") in the sum of $1,256.58 together with escrow payments of Taxes and Insurance (currently $762.56, but as may be adjusted) for a total current payment of $2,019.14. Payments shall be sent to:

> JPMorgan Chase Bank, N.A.
> 3415 Vision Drive
> Mail Code: OH4-7142
> Columbus, OH 43219

6. The principal amount due, interest and maturity date in the note and mortgage (recorded on June 8, 2005, in Official Records Book 18713 at Page 1969 having a Clerk File Number of 20050353742 of the public records of Palm Beach County, Florida) are modified to terms above and the remaining provisions of note and mortgage remain in effect.

7. In the event of default of payment, prior to confirmation of the Debtor's Chapter 11 Plan, the Creditor may file, and shall serve upon Debtor and Debtor's counsel, a thirty (30) Day Notice Declaration Re Breach of Condition. If upon the thirty-first (31st) day Debtor has failed to cure the delinquency, then Secured Lender may, after 48 hours written notice to Debtor's counsel, submit to this Court an Affidavit of Default with an Order vacating the

automatic stay as to Secured Creditor, which shall be granted allowing Secured Creditor to proceed with foreclosure proceedings upon the subject Property, pursuant to applicable state law, and take any action necessary to obtain complete possession thereof.

8. The automatic stay of 11 U.S.C. 362(a) shall terminate upon the Effective Date of the Plan. In the event the Debtor defaults following the Effective Date of the Plan, Creditor may proceed with its non-bankruptcy remedies, including foreclosure, after the thirty first (31st) day without seeking approval of the Bankruptcy Court.

9. The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder.

10. The terms of this Agreed Order are contingent upon the substantial consummation of the Debtor's confirmed Plan.  The terms of this Agreed Order shall be incorporated into any Plan and/or the Order of Confirmation.  In the event of any discrepancy between the terms of this Agreed Order and the terms of the Debtor's Plan, the terms of this Agreed Order shall control the treatment of Creditor's claim. The Creditor shall not oppose any such Confirmation Order and/or will vote in favor of any Amended Plan containing the terms of this Agreed Order.

11. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code prior to completion of the Debtor's Chapter 11 Plan payments, receipt of a discharge, and entry of a final decree, the terms of this Agreed Order shall be void.

12. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

13. Notwithstanding the foregoing, this Order is not recordable or enforceable until the Debtor receives a discharge in this Chapter 11 case.

{00059913;3}
In re: David Anthony Abdo and Carment Silvia Morales-Abdo
Agreed Order – Motion to Value (DE107)– Wells Fargo (791 Haverhill Road)
Page **4** of **5**

14. The Court shall retain jurisdiction to enforce the terms of this Order. The Parties represent that they each have the authority to agree to the terms of and rights preserved by this Order.

# # #

**Submitted by:**
Adam I. Skolnik, Esq.
Adam I. Skolnik, P.A.
1761 West Hillsboro Boulevard, Suite 201
Deerfield Beach, Florida 33442
Tel: 561.265.1120
askolnik@skolniklawpa.com

Attorney Adam I. Skolnik is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.