UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE:

DAVID ANTHONY ABDO
AKA  DAVID A. ABDO
AKA  DAVID ABDO DBA TURQUOISE TURTLE

CARMEN SILVIA MORALES-ABDO
AKA  CARMEN S. ABDO
AKA  CARMEN S. MORALES-ABDO
AKA CARMEN S. MORALES
AKA CARMEN ABDO
AKA CARMEN MORALES DBA TURQUOISE TURTLE,

     Debtor.
_____/

Case No. 16-11953-PGH
Chapter 11

**WELLS FARGO BANK, N.A.'S**
**MOTION TO DISMISS OR CONVERT CHAPTER 11 CASE UNDER 11 U.S.C.§ 1112(b)**
**(Re: 1806 Hill St, New Smyrna Beach, Florida  32169)**

     Wells Fargo Bank, N.A. ("Wells Fargo") by and through undersigned counsel, files this *Motion to Dismiss or Convert Chapter 11 Case under 11 U.S.C. §1112(b)* ("Motion to Dismiss").  The basis of the Motion is stated below:

### I.  INTRODUCTION

     1.    Wells Fargo submits that cause exists to dismiss Debtors' Chapter 11 case as Debtors have failed to confirm a Chapter 11 Plan after the passage of **28 months in bankruptcy**. Although Debtors filed a proposed Second Amended Disclosure Statement in December 2017, multiple parties objected to approval of the Disclosure Statement. To date, Debtors have yet to file an Amended Disclosure Statement or request a continued hearing thereon. Regrettably, Debtors appear to be worse off today than they were at the commencement of their case as the secured claims continue to accrue interest and attorneys' fees. In the meantime, Debtors have failed to maintain their obligations while continuing to collect rental income from their real

properties. In the interim, Wells Fargo has maintained taxes and insurance for the Property. The totality of the circumstances evidences that Debtors have no intention of reorganizing and, instead, have sought to improperly use the Bankruptcy Code to delay and hinder creditor rights under state law through two consecutive bankruptcy filings spanning a five year period. The foregoing factors when combined with the fact that Debtors have failed to maintain monthly operating reports constitute "cause" to convert or dismiss this case.

## II. STATEMENT OF FACTS

### A. SUBJECT LOAN

2. On June 22, 2007, Carmen S. Morales Abdo ("Borrower") executed a promissory Note in the principal sum of $625,500.00 (the "Note") to World Savings Bank, FSB ("WSB"). The Note is secured by a Mortgage (the "Mortgage") on the real property located at 1806 Hill St, New Smyrna Beach, Florida  32169-3224 (the "Property").[1] The Mortgage reflects that it was duly recorded. On or about December 31, 2007, WSB's charter and bylaws were amended to change its name to Wachovia Mortgage, FSB ("Wachovia"). On or about November 1, 2009, Wachovia converted to a national bank with the name Wells Fargo Bank Southwest National Association ("WFBSW").  On the same date, WFBSW merged with and into Wells Fargo Bank, National Association. (*See* Wells Fargo Affidavit, Dkt No. 207). (*See also* Claim No. 10-1).

### B. PRIOR BANKRUPTCY CASE

3. On December 20, 2013, Debtors filed a prior voluntary petition under Chapter 13 of the Bankruptcy Code in the Middle District of Florida and were assigned Bankruptcy Case no. 6:13-bk-15320-CCJ (the "First Bankruptcy Case"). On January 21, 2015, the court entered an Order Dismissing the First Bankruptcy Case. (*See* Case No. 13-15320, Dkt. No. 107).

### C. THE INSTANT BANKRUPTCY CASE

4. On February 11, 2016, Debtors filed a second voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code in the Southern District of Florida and were assigned Bankruptcy Case No. 16-11953-PGH (the "Bankruptcy Case"). (Dkt No. 1).

5. On June 7, 2016, Wells Fargo filed a Proof of Claim (the "Claim") listing a secured claim of $930,200.37, including pre-petition arrears of **$319,821.24**. (*See* Claim No. 10-1).  (*See also*, Wells Fargo Affidavit, ¶7).

---

[1] The Note and Mortgage are collectively referred to as the "Subject Loan" or "Claim."

6. On May 8, 2017, Wells Fargo filed its Election under 11 U.S.C. §1111(b) ("1111(b) Election"). (Dkt No. 159).

7. On October 2, 2017, Debtors filed an Objection to Wells Fargo's Proof of Claim (the "First Claim Objection"). (Dkt No. 183). The First Claim Objection contested the amount of the escrow balance included in the Proof of Claim.

8. On October 31, 2017, Wells Fargo filed its Response to the First Claim Objection ("First Response") asserting that (1) Debtor failed to serve Wells Fargo pursuant to the Federal Rules of Bankruptcy Procedure; (2) Debtors have failed to rebut the presumptive validity of the Claim; (3) the escrow advances are recoverable pursuant to the terms of the loan documents; (4) Debtors have failed to provide Wells Fargo or the court with sufficient evidence of hazard insurance for the Property; and (5) Wells Fargo shall submit an escrow accounting. (*See* First Response, Dkt No. 206).

9. On November 15, 2017, Wells Fargo filed an Affidavit in Support of its Response (the "Affidavit"). (Dkt. No. 207). The Affidavit stated that the "Subject Loan is escrowed for taxes and insurance as permitted by the terms of the Loan documents. The Claim included an escrow deficiency of $72,766.82." (*See* Affidavit, ¶8). Further, Wells Fargo submitted a breakdown and documentation to further substantiate the account of escrow advances included in the Claim.

10. On November 17, 2017, the court held a hearing on approval of Debtors' proposed Amended Disclosure Statement. At the hearing, the court instructed Debtors to provide Wells Fargo's counsel with evidence to substantiate their allegations of alleged errors in the escrow accounting. To date, Debtors' counsel has yet to provide Wells Fargo with any evidence to support Debtors' assertions regarding alleged errors in the escrow accounting.

11. Rather, on December 7, 2017, Debtors filed a nearly identical Amended Objection to Claim # 10-1 ("Amended Claim Objection"). (Dkt No. 210).

12. On December 8, 2017, Debtors filed a Second Amended Disclosure Statement. (Dkt No. 212).

13. On December 19, 2018, Wells Fargo field an Objection to Approval of Debtors' Disclosure Statement as the documents failed to contain adequate information or provide for Wells Fargo's 1111(b) Election. (Dkt No. 219). The Court set a hearing on approval of the Disclosure Statement for January 9, 2018 (Dkt No. 216). Objections to the documents were filed

by the United States Trustee (Dkt No. 218) and Wells Fargo. (Dkt No. 219). To date, Debtors have yet to schedule a continued hearing on approval of the Amended Disclosure Statement.

14. On December 19, 2018, Wells Fargo filed a Response to the Amended Claim Objection ("<u>Second Response</u>"). (Dkt No. 220). To date, Debtors have yet to schedule a continued hearing on the Amended Claim Objection.

15. A review of the court's docket indicates that Debtors have failed to file monthly operating reports for the months of February 2018 – May 2018. Further, the majority of the Debtors' operating reports filed thus far have been filed late.

### III. <u>ARGUMENT</u>

**A. DEBTORS' BANKRUPTCY CASE SHOULD BE DISMISSED PURSUANT TO 11 U.S.C. § 1112**

    **1. Legal Standard.**

16. Section 1112 of the Bankruptcy Code provides, in pertinent part:

> ...on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court ***shall*** convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes *cause*.

11 U.S.C. § 1112(b)(1) (emphasis added). A movant bears the burden of establishing by preponderance of the evidence that cause exists to convert the case from chapter 11 to chapter 7, or to dismiss the case, whichever is in the best interest of creditors and the estate. *In re Tri-Chek Seeds, Inc.,* 2013 LEXIS 500, *6-7 (Bankr. S.D. Ga. Feb. 7, 2013) (citing *Canpartners Realty Holding Co. IV, LLC v. Vallambrosa Holdings, LLC,* 419 B.R. 81, 88 (Bankr. S.D. Ga. 2009)). Once "cause" is established, the burden shifts to the party opposing conversion. *In re Lizeric Realty Corp.,* 188 B.R. 499, 503 (Bankr. S.D.N.Y. 1995). For the reasons discussed more fully below, sufficient "cause" exists to convert or dismiss this case.

    **2. Cause Exists to Dismiss this Case.**

17. Subsection (b)(4) of section 1112 sets forth a non-exclusive list of examples of cause including, among other things, "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court," and "unexcused failure to satisfy timely any filing or reporting requirement." 11 U.S.C. §§ 1112(b)(4)(A) (F) and (J). Several of these examples are applicable in this case, as explained below.

> a. *Cause Exists to Dismiss this Case Due to the Absence of a Reasonable Likelihood of Rehabilitation as Debtors Have Failed to Confirm a Plan within a Reasonable Period of Time*

18. Under section 1112(b)(4)(J), a court may convert or dismiss a bankruptcy for cause due to a debtor's "failure to file or confirm a plan, within the time fixed by this title or by order of the court." 11 U.S.C. § 1112(b)(4)(J). Many courts have held that unreasonable delay by a debtor that is prejudicial to creditors constitutes cause for dismissal or conversion. *See In re Gros*, 173 B.R. 774, 776 (Bankr. M.D. Fla. 1994); *see also In re Boyd Hites Logging, Inc.*, 2003 WL 25273862 (Bankr. D. Idaho 2003) (dismissing Chapter 11 case two years after the bankruptcy petition was filed for Debtor's unreasonable delay in filing or confirming a plan). In *United Sav. Ass'n v. Timbers*, the Supreme Court stated that, "there must be a reasonable possibility of a successful reorganization within a reasonable time." *United Sav. Ass'n. of Texas v. Timbers of Inwood Forest Associates, Ltd*, 484 U.S. 365, 376 (1988). Generally, the debtor is afforded an exclusive period of 120 days to file a Chapter 11 Plan after filing for bankruptcy as the Code anticipates a debtor may need the 120 day period to formulate a plan of reorganization. *See* 11 U.S.C. § 1121(b) and (e); *United Sav. Ass'n. v. Timbers*, 484 U.S. at 376. The bankruptcy court has discretion to establish a final deadline for filing a confirmable plan of reorganization to ensure that the process does not outlive the likelihood of its usefulness. *In re Rand*, 2010 WL 6259960 (9th Cir. B.A.P. 2010). Where reorganization is unrealistic or futile, a chapter 11 case may be dismissed or converted even at its outset. *See In re Lezdey*, 332 B.R. 217, 222 (Bankr. M.D. Fla. 2005) ("Dismissal under Section 1112(b)(2) is appropriate when a court determines that it is unreasonable to expect that a plan can be confirmed within a reasonable amount of time.").

19. One of the duties of a debtor in possession is to, "as soon as practicable, file a plan." 11 U.S.C. §§ 1107 and 1106(a)(5). One court recently concluded that:

> A debtor's failure to make meaningful and substantive progress toward the confirmation of a plan within the time periods fixed by the Bankruptcy Code and any court orders may lead to undue delay, and such delay is nearly always prejudicial to creditors. If a debtor does not make progress toward confirmation of a plan within these time periods, or within in{sic} a reasonable period, then relief under Section 1112(b)(4)(J) should follow. *In re Babayoff*, 445 B.R. 64, 79 (Bankr. E.D.N.Y. 2011).

20. In the present case, Debtors' unexcused failure to file an acceptable Chapter 11 Plan or Disclosure Statement has caused unreasonable delay that is prejudicial to creditors under 11 U.S.C. sections 1112(b)(4)(A) and 1112(b)(4)(J). Although Debtors filed their petition **28 months ago**, Debtors have yet to file a confirmable Chapter 11 Plan or take any meaningful steps towards reorganization.

21. Wells Fargo objected to Debtors' prior Chapter 11 Plan/Disclosure Statement based on the failure to provide for Wells Fargo's 1111(b) Election. (Dkt No. 219). The Court set a hearing on approval of the Disclosure Statement for January 9, 2018 (Dkt No. 216). Objections to the documents were filed by the United States Trustee (Dkt No. 218) and Wells Fargo. (Dkt No. 219). To date, Debtors have yet to schedule a continued hearing on approval of the Amended Disclosure Statement.

22. In the interim, the exclusivity period expired and Wells Fargo's claim remains in default, while Debtors continue to collect rental income from the Property without making payments to Wells Fargo. Wells Fargo maintains taxes and insurance for the Property. This is Debtors' second consecutive bankruptcy case spanning a five year period.

23. As a result, cause exists under §1112(b)(4)(A) and §1112(b)(4)(J) to dismiss or convert Debtors' case. Based on Debtors' unreasonable delay in proposing a confirmable plan and/or otherwise effectively proceeding with the administration of his estate, the Court must dismiss Debtors' case for cause or, in the alternative, convert the case under Chapter 7 of the Bankruptcy Code.

    b. *Cause Exists to Dismiss this Case Due to the Debtors' Unexcused Failure to Satisfy Reporting Requirements*

24. Under section 1112(b) a court may convert or dismiss a bankruptcy for cause due to a debtor's "unexcused failure to satisfy timely any fling or reporting requirement established by this title or by any rule applicable to a case under this chapter." 11 U.S.C. § 1112(b)(4)(F).

25. Here, Debtors have failed to file monthly operating reports for the months of February 2018 through May 2018. Further, the majority of Debtors' monthly operating reports have been filed late. As a result, cause exists to dismiss the case under 11 U.S.C. § 1112(b)(4)(F). Moreover, Debtors' failure to comply with reporting requirements violates their fiduciary duties as debtors in possession under 11 U.S.C. § 704 and constitutes gross mismanagement of the estate, which is further cause for relief under § 1112(b)(4)(B). Based on the foregoing, this Court must dismiss Debtors' bankruptcy case for cause.

**WHEREFORE**, Creditor respectfully requests the entry of an order which dismisses Debtors' case or; in the alternative, that the court convert the case to a Chapter 7; and for such further relief as the Court may deem just and proper.

Dated:   June 27, 2018

Respectfully Submitted:

/s/ *Wanda D. Murray*
Wanda D. Murray, FL Bar No.: 566381
Aldridge | Pite LLP
Attorney for Secured Creditor
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (888) 873-6147
wmurray@aldridgepite.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion to Dismiss was served electronically or via U.S. Mail, first-class postage prepaid, to:

**David Anthony Abdo**
**Carmen Silvia Morales-Abdo**
POB 3107
Lake Worth, FL 33465

**Adam I Skolnik**
Law Office of Adam I. Skolnik, P.A.
1761 W Hillsboro Blvd. #201
Deerfield Beach, FL 33442
Email: askolnik@skolniklawpa.com

**Heidi A Feinman**
Office of the US Trustee
51 SW 1 Ave #1204
Miami, FL 33130
Email: Heidi.A.Feinman@usdoj.gov

**CREDITORS LIST ATTACHED HERETO**

Dated: June 27, 2018

/s/ *Wanda D. Murray*
Wanda D. Murray
Bar No.: FL 566381
Aldridge | Pite LLP
Attorney for Secured Creditor
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (888) 873-6147

```
Label Matrix for local noticing          Deutsche Bank National Trust Company
113C-9                                   Robertson, Anschutz & Schneid P.L.
Case 16-11953-MAM                        6409 Congress Ave Suite 100
Southern District of Florida             Boca Raton, FL 33487-2853
West Palm Beach
Wed Jun 27 16:41:46 EDT 2018

New York Community Bank                  Palm Beach County Tax Collector         Trust Mortgage LLC
Kahane and Associates, P.A.              c/o Orfelia M Mayor Esq                 c/o Linda Leali PA
8201 Peters Road, Suite 3000             POB 3715                                777 Brickell Ave #500
Plantation, FL 33324-3292                West Palm Beach, FL 33402-3715          Miami, FL 33131-2803


U.S. Bank Trust Association                                                      Wells Fargo Bank, National Association
SHD Legal Group P.A.                                                             c/o Shapiro, Fishman & Gache, LLP
PO Box 19519                                                                     4630 Woodland Corporate Blvd. #100
Fort Lauderdale, FL 33318-0519                                                   Tampa, FL 33614-2429



Bealls                                                                           Capital One Bank (USA), N.A.
1806 38th Ave E                                                                  PO Box 71083
Bradenton, FL 34208-4700                                                         Charlotte, NC  28272-1083



(p)CAPITAL ONE                           Capital One NA                          Cbna
PO BOX 30285                             c/o Becket and Lee LLP                  Po Box 6497
SALT LAKE CITY UT 84130-0285             PO Box 3001                             Sioux Falls, SD 57117-6497
                                         Malvern PA 19355-0701


Cbusasears                               Chase Mtg                               Comenity Bank/Beallsfl
8725 W. Sahara Ave  Mc 02/02/03          Po Box 24696                            Po Box 182685
The Lakes, NV 89163-0001                 Columbus, OH 43224-0696                 Columbus, OH 43218-2685


County of Volusia                        Credit One Bank Na                      Diversified Adjustment
Revenue Division                         Po Box 98875                            600 Coon Rapids Blvd Nw
123 W. Indiana Ave., Room 103            Las Vegas, NV 89193-8875                Coon Rapids, MN 55433-5549
Deland, FL 32720-4615


First Choice Credit Un                   First Choice Credit Union               First Federal Credit Control
Po Box 16659                             1055 S. Congress Ave.                   24700 Chagrin Blvd
West Palm Beach, FL 33416-6659           West Palm Beach, FL 33406-5195          Ste 2
                                                                                 Beachwood, OH 44122-5662


(p)FIRST NATIONAL COLLECTION BUREAU      First Premier Bank                      First Premier Bank
50 W LIBERTY ST                          3820 N. Louise Ave.                     601 S Minnesota Ave
STE 250                                  Sioux Falls, SD 57107-0145              Sioux Falls, SD 57104-4868
RENO NV 89501-1973


Gecrb/Dillards                           Gecrb/Jcp                               Gmac Mortgage
POB 965024                               POB 984100                              Po Box 4622
Orlando, FL 32896-5024                   El Paso, TX 79998                       Waterloo, IA 50704-4622
```

| | | |
|---|---|---|
| Greenpoint Mortgage<br>7933 Preston Rd<br>Plano, TX 75024-2302 | IRS<br>POB 621503<br>Atlanta, GA 30362-3003 | IRS<br>Philadelphia, PA 19255-0075 |
| Internal Revenue Service<br>Post Office Box 7346<br>Philadelphia, PA 19101-7346 | (p)JC CHRISTENSEN & ASSOC<br>PO BOX 519<br>SAUK RAPIDS MN 56379-0519 | JPMorgan Chase Bank, N.A.<br>Mail Code: OH4-7302<br>POB 24696<br>Columbus, OH 43224-0696 |
| JPMorgan Chase Bank, N.A.<br>POB 183232<br>Columbus, OH 43218-3232 | Jeffrey C. Lynne, Esq.<br>Weiner, Lynne & Thompson, P.A.<br>10 SE 1st Ave., Ste. C<br>Delray Beach, FL 33444-3693 | Jfk Medical Center<br>Resurgent Capital Services<br>PO Box 1927<br>Greenville, SC 29602-1927 |
| Kohls/Capone<br>N56 W 17000 Ridgewood Dr<br>Menomonee Falls, WI 53051-7096 | New York Community Bank<br>1801 W. 9th St.<br>Cleveland, OH 44114 | Northland Group, Inc.<br>POB 390846<br>Minneapolis, MN 55439-0846 |
| Ocwen Loan Servicing<br>1661 Worthington Road<br>Suite 100<br>West Palm Beach, FL 33409-6493 | Office Depot<br>POB 6497<br>Sioux Falls, SD 57117-6497 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 |
| PYOD, LLC its successors and assigns as assi<br>of FNBM, LLC<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602-9008 | (c)PABLO LOPEZ DE LEON<br>791 N HAVERHILL RD<br>HAVERHILL FL  33415-1387 | Palm Beach County<br>Constitutional Tax Collector<br>Serving Palm Beach County<br>POB 3353<br>West Palm Beach, FL 33402-3353 |
| Premier Bankcard, Llc<br>c o Jefferson Capital Systems LLC<br>Po Box 7999<br>Saint Cloud Mn 56302-7999 | Rubin & Debski, P.A.<br>POB 47718<br>Jacksonville, FL 32247-7718 | Sears<br>POB 6282<br>Sioux Falls, SD 57117-6282 |
| Syncb/Jcp<br>Po Box 965007<br>Orlando, FL 32896-5007 | THD/CBNA<br>POB 6497<br>Sioux Falls, SD 57117-6497 | TSF MORTGAGE LLC<br>POB 820<br>Hallandale, FL 33008-0820 |
| Target Nb<br>Po Box 673<br>Minneapolis, MN 55440-0673 | Td Bank<br>917 Haywood Road<br>Greenville, SC 29615-3566 | (p)TD BANKNORTH NA<br>70 GRAY ROAD<br>FALMOUTH ME 04105-2299 |
| Trust Mortgage, LLC<br>POB 3926<br>Hallandale, FL 33008-3926 | Trust Mortgage, LLC<br>POB 820<br>Hallandale, FL 33008-0820 | Trust Mortgage, LLC<br>c/o Linda Leali, PA<br>777 Brickell Avenue, Suite 500<br>Miami, FL 33131-2803 |

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION<br>C/O Select Portfolio Servicing, Inc.<br>P.O. Box 65250<br>Salt Lake City UT 84165-0250 | Wells Fargo Bank, N.A.<br>Attention: Bankruptcy Department<br>MAC# D3347-014<br>3476 Stateview Blvd<br>Fort Mill SC 29715-7203 | Wells Fargo Hm Mortgage<br>POB 14591<br>Des Moines, IA 50306-3591 |
| Wfhm<br>4101 Wiseman Blvd # Mc-T<br>San Antonio, TX 78251-4200 | Adam I Skolnik<br>Law Office of Adam I. Skolnik, P.A.<br>1761 W Hillsboro Blvd. #201<br>Deerfield Beach, FL 33442-1561 | Carmen Silvia Morales-Abdo<br>POB 3107<br>Lake Worth, FL 33465-3107 |
| David Anthony Abdo<br>POB 3107<br>Lake Worth, FL 33465-3107 | Joseph H. Huss<br>515 E Las Olas Blvd #1100<br>Ft. Lauderdale, FL 33301-2296 | Traci K Stevenson<br>POB 86690<br>Madeira Beach, FL 33738-6690 |