

**ORDERED in the Southern District of Florida on April 29, 2019.**

---------------------------------------
Mindy A. Mora, Judge
United States Bankruptcy Court
_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

IN RE:                                                                         Case No. 16-11953-MAM

DAVID ANTHONY ABDO                                       Chapter 11
AKA  DAVID A. ABDO
AKA  DAVID ABDO DBA TURQUOISE
TURTLE
CARMEN SILVIA MORALES-ABDO
AKA  CARMEN S. ABDO
AKA  CARMEN S. MORALES-ABDO
AKA CARMEN S. MORALES
AKA CARMEN ABDO
AKA CARMEN MORALES DBA
TURQUOISE TURTLE,

        Debtor.
_____/

**AGREED ORDER RESOLVING DEBTORS' THIRD CLAIM OBJECTION AND
THE TREATMENT OF WELLS FARGO'S CLAIM IN THE PROPOSED CHAPTER 11
PLAN**
**(re: 1806 Hill St, New Smyrna Beach, Florida  32169)**

**THIS CAUSE** came before the Court upon the *Joint Motion for Approval of Agreed Order*

*Resolving Debtors' Third Claim Objection and the Treatment of Wells Fargo's Claim in the Proposed Chapter 11 Plan* ("Motion for Approval") [D.E. # 305]. Debtors having filed a *Third Amended Objection to Claim # 10-1* ("Third Claim Objection") [D.E. # 260]. to the Proof of Claim No. 10-1 ("Claim") filed by Wells Fargo Bank, N.A.'s ("Wells Fargo") encumbering the Debtors' real property located at 1806 Hill St, New Smyrna Beach, Florida 32169 ("Property"), and the Parties having agreed* to the following terms resolving the Third Claim Objection:

**ORDERED** as follows:

a. Debtors hereby withdraw the Third Claim Objection ***with prejudice***.

b. Wells Fargo shall have a fully secured claim in the amount of $927,301.84 (the "Secured Claim") amortized over thirty (30) years at 0.41% fixed interest per annum in the Debtors' Chapter 11 Plan to satisfy Wells Fargo's 1111(b) Election.

c. As a result of Wells Fargo's 1111(b) Election, Wells Fargo shall have no unsecured claim in the Debtors' Plan.

d. Debtors shall tender monthly principal and interest payments ("Principal and Interest Payments") in the sum of **$2,734.94** to Wells Fargo for the Secured Claim commencing **on the first day of the first month following entry of the Agreed Order**, and continuing on the same day of each month thereafter until the Secured Claim is paid in full.

e. In addition to Principal and Interest Payments, Debtors shall tender monthly escrow payments ("Escrow Payments") to Wells Fargo for real property taxes and hazard insurance. The current monthly Escrow Payment is **$1,121.73**. Escrow Payments shall commence **on the first day of the first month following entry of the Agreed**

**Order. The amount of the Escrow Payment is subject to change pursuant to the terms of the Subject Loan**.

f.  To remove the forced placed insurance from the Property, Debtors shall purchase a hazard insurance policy and submit the policy to Wells Fargo consistent with Wells Fargo's internal requirements.

g.  Debtors shall cure the post-petition escrow advances in the amount of $24,173.90 over sixty (60) equal monthly payments of $402.90 each ("Escrow Cure Payments") commencing **on the first day of the first month following entry of the Agreed Order** and continuing on the same date each month thereafter until the post-petition escrow advances are paid in full.

h.  Wells Fargo shall apply post-petition payments currently held in suspense in the amount of $31,684.65 to the modified loan terms as outlined in paragraphs (d) and (e) above.

i.  Except as otherwise expressly provided herein, all remaining terms of the Note and Mortgage shall govern the treatment of Wells Fargo's Secured Claim.

j.  In the event of a future default on any of the above-described provisions, prior to confirmation of the Debtors' Chapter 11 Plan, Wells Fargo shall provide written notice via first class mail to Debtors and Debtors' attorney, indicating the nature of default. The written notice shall provide the Debtors with an opportunity to cure the default within fourteen (14) calendar days from the date said written notice is placed in the mail (the "Cure Period"). If Debtors fail to cure the default amount and all subsequent payments due prior to the expiration of the Cure Period, then the Automatic Stay (if any) shall terminate, and Wells Fargo may proceed to foreclose its

security interest in the Property under the terms of the Note and Mortgage and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Property without further notice, order, or proceeding of this Court. The automatic stay of 11 U.S.C. § 362 shall terminate upon Confirmation of the Plan. In the event of a <u>post-confirmation default</u>, Wells Fargo may proceed with default remedies under the terms of the Subject Loan and applicable state law, including foreclosure.

k. The acceptance by Wells Fargo of a late or partial payment shall not act as a waiver of Wells Fargo's right to proceed hereunder.

l. The terms of the Agreed Order are contingent upon the substantial consummation of the Debtors' confirmed Plan. The terms of the Agreed Order shall be incorporated into any Amended Plan and/or the Order of Confirmation. In the event of any discrepancy between the terms of the Agreed Order and the terms of the Debtors' Plan, the terms of the Agreed Order shall control the treatment of Wells Fargo's Claim.

m. In the event the Debtors' case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code prior to completion of the Debtors' Chapter 11 Plan payments, receipt of a discharge, and entry of a final decree, the terms of this Agreed Order and the modification shall be void and Wells Fargo shall retain its lien in the full amount due under the Note.

n. In the event the Debtors seek to sell the Property prior to receipt of a discharge, the parties shall retain all rights under 11 U.S.C. §363.

    o.  Wells Fargo shall not be required to release the loan from bankruptcy status and/or resume regular monthly statements until entry of a final decree and the close of the Debtors' Chapter 11 case.

    p.  Wells Fargo shall cast a ballot accepting the Debtors' proposed Chapter 11 Plan of Reorganization if such Plan and/or Order of Confirmation incorporates fully the terms of the Agreed Order and the Debtors are in compliance with the terms of the Agreed Order as of the ballot deadline.

###

\* By submission of this order for entry, Attorney Wanda D. Murray represents that the opposing party consents to its entry.

SUBMITTED BY:

Wanda D. Murray
FL Bar No.: 566381
Aldridge | Pite LLP
Attorney for Secured Creditor
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
wmurray@aldridgepite.com


Wanda D. Murray is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.